United States District Court
Southern District of Texas
ENTERED
July 14, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **LUIS LOZADA VELA,** | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00955** |
| | § | |
| **D.COLE,** | § | |
| | § | |
| **Respondent.** | § | |

## ORDER

Pending before the Court is Petitioner Luis Lozado Vela's ("Petitioner") Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS) and Respondents' Response to the Petition and Motion for Summary Judgment. (Dkts. 11, 12.) For the reasons set forth below, Petitioner's Petition for Habeas Corpus, (Dkt. 1) is DENIED and Respondents' Motion for Summary Judgement, (Dkt. 12), is GRANTED.

## Legal Standard

### A. 28 U.S.C. § 2241

A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). 28 U.S.C. § 2241(c)(3) authorizes "any person to claim in federal court that he or she is being held 'in custody in violation of the Constitution or laws. . . of the United States.'" *Zadvydas v. Davis*,

533 U.S. 678, 687 (2001). Accordingly, 28 U.S.C. § 2241, confers jurisdiction upon the federal courts to hear challenges to the lawfulness of immigration-related detention. *Id.* (citing 28 U.S.C. § 2241(c)(3)); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003); *Baez v. Bureau of Immigr. & Customs Enf't*, 150 F. App'x 311, 312 (5th Cir. 2005) (unpublished); *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (unpublished).

Moreover, a Court is not required to hold a hearing when the habeas petition "raises only questions of law, or questions regarding the legal implications of undisputed facts." *Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted); *see also Trejo v. Warden of ERO El Paso E. Montana*, 2025 WL 2992187, at *2 (W.D. Tex. Oct. 24, 2025) (citation omitted).

**B. Rule 56(a) Summary Judgment**

Generally, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Rogers v. Bromac Title Servs., L.L.C.,* 755 F.3d 347, 350 (5th Cir. 2014). If the moving party meets its burden of demonstrating the absence of a genuine factual dispute, the non-movant must then come forward with specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party," and a "fact issue is 'material' if its resolution could affect the outcome of the action." *Canady v. Davis*, 687 F. App'x 362, 365 (5th Cir. 2017) (quoting *Ramirez v. Martinez*, 716 F.3d 369, 374 (5th Cir. 2013)). "Because this case arises in a summary judgment posture, we view the facts in the light most favorable to [Petitioner], the nonmoving party." *Id.* (quoting *City & County of San Francisco v. Sheehan*, 135 S.Ct. 1765, 1769 (2015)).

## <u>Discussion</u>

Petitioner argues that his current mandatory detention under 8 U.S.C. § 1225(b)(2)(A) violates his rights under the Due Process Clause of the Fifth Amendment and the Suspension Clause. (Dkt. 11 at 2–3.) Respondents argue that the Court should deny the Petition because Petitioner is lawfully detained subject to 8 U.S.C. § 1226(a), an immigration judge (IJ) denied Petitioner bond as a flight risk, and the Court lacks jurisdiction to review an IJ's discretionary decision to deny bond. (Dkt. 12.) The Court agrees with Respondents. Because Petitioner is currently detained under 8 U.S.C. § 1226(a) and Petitioner challenges his detention based only on his claims that mandatory detention under 8 U.S.C.§1225(b)(2)(A) violates his statutory and constitutional rights, the Court must deny his Petition.

It is undisputed that Petitioner entered the United States with a nonimmigrant visa in 2024 and stayed beyond the time permitted by his visa. (Dkt. 12 at 1–2; Dkt. 13 at 1.) In March of 2026 Petitioner was arrested by immigration authorities, issued a Notice to Appear, and placed in removal proceedings. (Dkt. 12 at 1–2, Attach. 2). While in removal proceedings Petitioner requested a custody redetermination from an immigration judge pursuant to 8 U.S.C. § 1226(a). (Dkt. 12, Attach. 2 at 2.) Petitioner was denied bond as a flight risk. (Dkt. 12, Attach. 3.)

Petitioner's Petition raises only claims that his detention under 8 U.S.C. § 1225(b)(2)(A) violates his rights under the Due Process Clause of the Fifth Amendment and the Suspension Clause. (Dkt. 11 at 2–3.) He argues that "Petitioner is not subject to mandatory detention under *Buenrostro-Mendez v. Bondi* or 8 U.S.C. § 1225(b)"; "Petitioner is not of the subset of aliens that require mandatory detention under [8 U.S.C. § 1225(b)(2)(A)]"; and "Petitioner should not be detained pending his removal proceedings even if he is subject to mandatory detention but he has been held for an extended period of time without a bond hearing." (Dkt. 11 at 1–3.) However, Respondents concede that Petitioner is not mandatorily detained under 8 U.S.C. § 1225(b)(2)(A).

(Dkt. 12.) Respondents recognize that Petitioner is instead subject to discretionary detention under 8 U.S.C. § 1226(a). (*See* Dkt. 12, Attachs. 1, 2, 3.) Indeed, Petitioner requested a custody redetermination hearing pursuant to 8 U.S.C. § 1226(a), and on March 31, 2026, Petitioner was denied bond as a flight risk. (Dkt. 12, Attach. 3.)

District courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond. *See Nielsen v. Preap*, 586 U.S. 392, 401 (2019) ("As we have held, this limitation applies only to 'discretionary' decisions about the 'application' of § 1226 to particular cases.") But this prohibition does not extend to constitutional challenges to the statutory framework or extent of the Government's detention authority. *See Diallo v. Pitts*, 2020 WL 714274, at *6 (S.D. Tex. Jan. 15, 2020), *R & R adopted*, 2020 WL 709326 (S.D. Tex. Feb. 12, 2020). "[Section 1226(e)] does not block lawsuits over 'the extent of the Government's detention authority under the 'statutory framework' as a whole.'" *Nielsen*, 586 U.S. at 401 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 295–96 (2018)); *see also Kim*, 538 U.S. at 517. Here, Petitioner does not raise any claims related to whether his bond hearing was constitutionally or statutorily deficient nor does he raise any claims that his discretionary detention under 8 U.S.C. § 1226(a) has become unconstitutionally prolonged. Accordingly, the Court does not have jurisdiction to review the IJ's underlying bond determination, and the Court cannot grant Petitioner's Petition.

Because Petitioner is currently detained under 8 U.S.C. § 1226(a) and Petitioner challenges his detention based only on his claims that mandatory detention under 8 U.S.C.§1225(b)(2)(A) violates his statutory and constitutional rights, Respondent's Motion for Summary Judgment, (Dkt. 12), is **GRANTED** and Petitioner's Petition, (Dkt. 1), is **DENIED** without prejudice to refiling.

The Court will enter final judgment separately pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

SIGNED this July 14, 2026.

Diana Saldaña
United States District Judge